# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 417 | **DATE** | 6/28/2000 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. NORMAN LIGHT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motions to dismiss the indictment [10-1] and for a bill of particulars [12-1] are denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JUN 29 2000 date docketed | 94 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 6/28/2000 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| WS | courtroom deputy's initials | Date/time received in central Clerk's Office | jad mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 00 CR 417 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| NORMAN LIGHT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Norman Light was indicted for mail fraud in connection with his role as executor of the estate of Dorothea Beck. Light moves to dismiss the indictment. Light also moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f).

## BACKGROUND

In March 1991, the Probate Division of the Circuit Court of Cook County named Light independent administrator, or executor, of the estate of Dorothea Beck pursuant to Beck's last will and testament. Light owed a fiduciary duty to the Beck estate and the beneficiaries in performing his duties. As executor, he was entitled to reasonable compensation out of estate assets. From April 1991 through June 1994, Light wrote twelve checks on the Beck estate account to himself for purported executor fees totaling $77,500 without providing notice to the beneficiaries. Light allegedly used these funds for his own personal benefit. The indictment charges that in taking these funds, Light devised, intended to devise, and participated in a scheme to defraud the Beck estate and the beneficiaries, and to deprive the estate and the beneficiaries of their right to his honest services. On

November 11, 1994, Light mailed the beneficiaries a document entitled "First and Final Account of Executor." In the document under the heading "Cash Disbursements," there is an entry that reads "Norman Light, Executor of the Estate - $52,500." On December 21, 1994, after one of the beneficiaries complained that Light's fee was excessive, Light mailed the beneficiaries a second document entitled "First and Final Account of Executor." In this document, Light's fee was listed as $45,000. Light did not reveal to the beneficiaries that he had previously taken $77,500 in either accounting. The indictment alleges these entries were included to create the false appearance that Light was to receive $52,500, then $45,000, in executor's fees while concealing that he had already received $77,500. Light returned to Beck's estate the difference between the $77,500 he had taken and the $45,000 amount listed in the second accounting. The indictment alleges that Light stole the money he returned to estate from another client in order to conceal the money he had taken from the Beck estate and that he failed to disclose the source of this money to the beneficiaries. Based on these factual allegations, the indictment charges Light with four counts of mail fraud under 18 U.S.C. §1341.

## DISCUSSION

I     **Motion to dismiss indictment**

An indictment is sufficient if it (1) states all the elements of the offense charged, (2) informs the defendant of the nature of the charge, enabling the defendant to prepare a defense, and (3) enables the defendant to plead the judgment as a bar to later prosecution for the same offense. United States v. Allender, 62 F.3d 909, 914 (7th Cir. 1995) (citing United States v. F.J. Vollmer & Co. Inc., 1 F.3d 1511, 1518 (7th Cir. 1993). Indictments do not need to exhaustively describe the facts surrounding a crime or provide lengthy explanations of the elements of the offense. United States v. Bates, 96 F.3d

964, 970 (7th Cir. 1996). Fed. R. Crim. P. 7, simply requires an indictment be a "plain, concise and definite written statement with the essential facts constituting the offense charged." Generally, a criminal charge is sufficient if it tracks the language of the statute and provides the minimal facts necessary to inform the defendant of the charge and protect against double jeopardy concerns. United States v. Ramos, 1998 WL 155932 *2 (N.D. Ill. 1998) (citing United v. Marinson, 832 F.2d 496, 502 7th Cir. 1991); *see also* United States v. Webster, 125 F.3d 1024, 1029-30 (7th Cir. 1997).

The elements of mail fraud under 18 U.S.C. §1341 are: (1) a scheme to defraud, and (2) use of the mail for the purpose of executing the scheme. United States v. Koen, 982 F.2d 1101, 1106 (7th Cir. 1992); *see also* United States v. Barger, 178 F.3d 844, 847 (7th Cir. 1999). The indictment states that Light devised, intended to devise and participated in a scheme to defraud the beneficiaries and to deprive them of their right to his honest services. It alleges Light received $77,500 in disbursements that he used for his personal benefit without providing notice to the beneficiaries. It alleges Light concealed his fraud by mailing two separate accountings to the beneficiaries. The indictment further alleges Light concealed the disbursements he received by stealing money from another client and depositing it into the Beck estate's account. In short, the indictment sets out the essential elements of mail fraud, fairly informs Light of the charges against him so he can prepare his defense, and sufficiently protects him against future prosecution that may result in double jeopardy. Thus, the indictment is sufficient to survive a motion to dismiss.

Light contends he did not have an intent to defraud. He concludes that because he repaid the money he took in excess of his authorized fee, and always intended to do so, the indictment does not set out the requisite intent to defraud. The issue of Light's intent involves evidentiary issues that will be addressed at trial. Thus, this argument is not properly made on a motion to dismiss. Furthermore,

3

the indictment adequately alleges an intent to harm. According to the indictment, Light intended to take the money without the beneficiaries' knowledge. Simply placing the beneficiaries at an unconsented risk of loss is sufficient harm for an allegation of fraud. *See* United States v. Brown, 79 F.3d 1550, 1557 (11th Cir. 1996); United States v. Catalfo, 64 F.3d 1070, 1079 (7th Cir. 1995). Similarly, the fact that he repaid the money does not necessarily insulate Light from prosecution. "[I]t is irrelevant that the defendant sincerely believed that he would ultimately be able to return the victim's money after his scheme succeeded." United States v. Masquelier, 210 F.3d 756, 759 (7th Cir. 2000).

Next, Light claims the indictment fails because it does not allege violation of any duty owed to the beneficiaries. However, as the Seventh Circuit stated in United States v. Morris;

> the [mail and wire fraud statutes] apply not only to false and fraudulent representations, but also to the omission or concealment of material information, even where no statute or regulation imposes a duty of disclosure. Such a misleading omission is actionable as part of a scheme to defraud if it is intended to induce a false belief and resulting action to the advantage of the misleader and the disadvantage of the misled.

80 F.3d 1151, 1161 (7th Cir. 1991) (citations omitted). Light's alleged misuse of estate funds without notifying the beneficiaries can constitute fraud even if he was not legally required to provide such notice. Id. Furthermore, the indictment alleges Light violated a legal duty. It states that he had a fiduciary duty to act with the highest degree of honesty, fidelity, and good faith in performing his duties as executor.

Finally, Light claims the indictment fails to allege any mailing in furtherance of a scheme to defraud. He contends that because the mailings increased the amount the beneficiaries were to receive from the estate in comparison to what they would have received if he kept the $77,500, the mailing were not in furtherance of any scheme to defraud and therefore the indictment fails. Light is incorrect.

4

The indictment sufficiently alleges that the letters were sent to the beneficiaries in an effort to conceal the fact that he had taken $77,500, and not a smaller amount, from the estate's account. The Seventh Circuit "has held on several occasions that mailings which occur after the defendant has obtained the victims' money are in furtherance of the scheme if they facilitate concealment or postpone investigation of the scheme." United States v. Lack, 129 F.3d 403, 408 (7th Cir. 1997); *see also* United States v. Mankarious, 151 F.3d 694, 705 (7th Cir. 1998). The indictment sufficiently alleges a mailing in furtherance of the scheme to defraud.

In essence, Light's arguments go to the sufficiency of the government's evidence rather that the sufficiency of the indictment. The indictment meets the liberal standards for a motion to dismiss.

## II    Motion for a bill of particulars

In the alternative, Light moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). A trial judge has discretion to grant or deny a request for a bill of particulars. United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981). In deciding whether to order a bill of particulars, the court assesses whether the indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial. United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981). A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges so that the defendant may prepare for trial. Kendall, 665 F.2d at 134; United States v. Finley, 705 F.Supp. 1272, 1278 (N.D.Ill.1988).

Light's requested bill of particulars is not necessary. Light claims that in order to prepare for trial, minimize surprise at trial, and to facilitate a plea of double jeopardy in the event of a subsequent prosecution for the same offense, he needs to know: (1) in what way he is alleged to have breached his fiduciary duty; (2) when that breach allegedly occurred; and (3) how the mailings alleged in each

5

of the four counts facilitated that scheme to defraud the heirs out of his honest services. However, the indictment contains considerable detail about the nature of the offenses, the events that contributed to the scheme to defraud and the timing of the events. The indictment specifically identifies the funds allegedly taken, including the amount, the bank account that it was taken from and the number of checks. It also identifies the amount and source of the money allegedly used to replace and conceal the money taken. It further identifies specific mailings that were allegedly made in furtherance of the scheme to defraud and the dates on which they were mailed. In short, the indictment sufficiently informs Light of the nature of the charge and allows him to prepare his defense. Light's requested bill of particulars essentially asks the government to reveal how it intends to prove its case at trial. He is not entitled to this information. Rule 7(f) does not enable a defendant to demand the details of how the offense will be proved. Kendall, 665 F.2d at 135. "Evidentiary details exceed the proper scope of a bill of particulars." United States v. McDonnell, 696 F.Supp. 356, 362 (N.D.Ill.1988). While the government must set forth the essential elements of the offense charged, it is not required to "set forth in its indictment the theory that it intends to use at trial to establish the elements of the crime." United States v. O'Malley, 796 F.2d 891, 898 n. 9 (7th Cir. 1986). Accordingly, the motion for a bill of particulars is denied.

## CONCLUSION

The motions for dismissal of the indictment and for a bill of particulars are denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

June 28, 2000